**D. G. JONES, Plaintiff in Error,**

v.

**The STATE of Oklahoma and Ray H. Page, Warden, Defendants in Error.**

**No. A–16409.**

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1971.

Rehearing Denied Dec. 10, 1971.

Robert J. Hays, Chickasha, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

This is an appeal from an Order Denying Post Conviction Relief in the District Court of Grady County, Case No. 3450. In the Order, the Honorable Sam M. Williams, District Judge, made the following Findings of Fact and Conclusions of Law:

"Petitioner, D. G. Jones, was charged by Complaint filed before the Justice of Peace of Grady County on the 19th day of February, 1941, with having committed the crime of Robbery With Firearms Third and Subsequent Offense; that thereafter and on the 19th day of February, 1941, Defendant made his initial appearance before the Magistrate, the Complaint was read to the defendant, his rights explained to him, the defendant entered a plea of Not Guilty and was remanded to custody of the Sheriff without bond and preliminary hearing was set for the 4th day of March, 1941.

Thereafter, and on the 26th day of February, 1941, the Defendant appeared at his own request before the aforesaid Magistrate and withdrew his demand for preliminary hearing and waived his right to a preliminary hearing and was bound over for trial in the District Court.

On the 28th day of February, 1941, an Information was filed in the District Court charging the petitioner herein with Robbery With Firearms Third and Subsequent Offense.

Thereafter and on the 4th day of March, 1941, Defendant appeared for arraignment before the District Court and requested the appointment of an attorney and requested twenty-four hours within which to enter his plea. R. E. Davenport, Attorney at Law, Chickasha, Oklahoma, was appointed to represent petitioner at that time. On the 10th day of March, 1941, defendant's attorney, Mr. Davenport, made an application to the District Court for witnesses at the cost of the State to be subpoenaed upon the trial of defendant, which was set for the 13th day of March, 1941, at the hour of 9:00 o'clock a. m. On the 13th day of March, 1941, trial of defendant's case was continued and was thereafter set for trial for the 13th day of October, 1941.

Thereafter and on the 13th day of October, 1941, defendant appeared for trial with his appointed counsel, Mr. Davenport, entered a plea of Not Guilty and

the court proceeded to try defendant before a jury.

The jury returned its verdict of guilty on the 17th day of October, 1941, and set defendant's punishment at 99 years in the Oklahoma State Penitentiary. Thereafter and on the 24th day of October, 1941, defendant was sentenced by the District Court in accordance with the jury's verdict. No Appeal was taken from the Judgment and Sentence of the trial court.

The above finding of facts are supported by the court file in the cause and the minutes of the Court Clerk contained in the criminal docket of this Court. A search has been made by the Reporter of the court, the District Attorney's Office, and defense counsel and from said search it appears that the court reporter's notes, or a transcript of the court reporter's notes are now unavailable and cannot be found.

■ The court further finds that petitioner, in addition to the allegations of error set forth in his Petition, in his testimony before this court asserts that the following matters occurred during the trial of his case in 1941 and resulted in prejudice to him.

1. That he was manacled during the first day of his trial.

2. That armed deputies were placed at each door and behind defendant throughout the trial.

3. That one of the jurors, serving on the trial of defendant's case, son had been killed in an armed robbery; that defendant attempted to get his attorney, R. E. Davenport, to remove said juror from the panel and his attorney failed to do so.

4. That petitioner's attorney saw him only one time before the trial and that defendant told his attorney all he knew about the crime; that the attorney told him that the case had been postponed for a period of six months and defendant never saw his attorney again before the time of trial. In this connection, petitioner also testified that he had no knowledge of the crime that he was under the influence of some sort of pills during the time that the crime was alleged to have been committed, and that he had no knowledge of his actions or whereabouts at or about the time of the commission of the crime.

The court further finds that the Judge who conducted the trial of defendant's case in 1941 is now deceased as is Mr. R. E. Davenport, petitioner's court appointed trial counsel, and in addition thereto the prosecuting attorney and the court reporter who served at Defendant's trial are unavailable. That the above four allegations of the defendant cannot therefore be rebutted and said allegations standing alone are not sufficient at this time to justify defendant's discharge, or modification of defendant's sentence.

■ The court further finds that petitioner was not denied counsel at his arraignment as alleged in his petition as shown by the record herein; that he was not denied a preliminary hearing as alleged, but voluntarily waived the same and was appointed counsel six months prior to the trial of defendant's case and not immediately before trial as alleged in petitioner's Application for Post-Conviction Relief.

The court further finds that all of the proceedings had before the trial court were proper under the law as it existed in 1941. That in 1941 defendant was not entitled to a two stage proceeding for the purpose of proving prior convictions, but that the charge as filed being Robbery With Firearms Third and Subsequent Offense was proper at the time.

The court further finds that the Defendant was not denied his right to appeal, but that the defendant did not give notice of his intention to appeal, nor did he request a transcript.

The court further finds that under the law as it existed in 1941, the court was not required to advise the defendant of his right to appeal, of his right to counsel on appeal, and was required to advise the defendant that he had a right to remain silent, or that he had a right to have a copy of the transcript of the trial at the cost to the State.

The court further finds that the evidence is insufficient to support an allegation that the sentence rendered in 1941 was excessive as a result of passion or prejudice.

IT IS THEREFORE ORDERED that petitioner's Application for Post Conviction Relief, be, and the same is hereby, denied."

Under the facts and record, as above set forth, we are of the opinion that the trial court properly denied post conviction relief, and the Order Denying Post Conviction Relief is accordingly affirmed.

BRETT, J., concurs.